IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

FREDERICKA CAIN TODD                                          PLAINTIFF

VERSUS                              CIVIL ACTION NO. 5:03cv170-DCB-JCS

NATCHEZ-ADAMS SCHOOL DISTRICT                                 DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the defendant's Motion for Costs [**docket entry no. 91**] and the defendant's Motion for Relief Pursuant to Rule 26 [**docket entry no. 101**]. Having reviewed the Motions, briefs, applicable statutory and case law and being otherwise fully advised as to the premises, the Court finds as follows:

## I.  Motion for Costs

The plaintiff's action was dismissed after the Court granted summary judgment to the defendant on February 18, 2005.  Pursuant to Federal Rule of Civil Procedure 54(d)(1), the defendant, as the prevailing party, asks the Court to award costs against the plaintiff.  A bill of costs totaling $1,122.78 has been submitted in connection with the defendant's motion.  See Bill of Costs (attached as Ex. "B" to Motion for Costs).

In response, the plaintiff argues that the defendant has failed to provide any proof that the costs, as alleged, were "necessarily obtained for use in the case."  Pl. Response to Def. Motion for Costs, ¶4 (citing Fogleman v. Aramco, 920 F.2d 278, 285-86 (5th Cir. 1991)).  After this challenge was raised, the

defendant supplemented its original motion with a collection of exhibits further detailing its costs.  Moreover, in the Motion for Costs, counsel for the defendant swore, under penalty of perjury, that the costs were necessarily incurred.  The Court finds the defendant's Motion for Costs to be well-taken and will charge $1,122.78 to the plaintiff.

## II.  Motion for Relief Pursuant to Rule 26

During discovery, the plaintiff noticed and took the deposition of the defendant's expert witness, Dr. David Morris. The defendant afterwards requested that, pursuant to Rule 26 of the Federal Rules of Civil Procedure, the plaintiff pay for the expenses occurred in deposing Dr. Morris.  See Fed. R. Civ. Proc. 26(b)(4)(C) ("[T]he court shall require that the party seeking discovery shall pay the expert a reasonable fee for time spent in responding to discovery . . . .")  The plaintiff failed to respond to this request, and the defendant moves the Court to enter an order granting the expert's costs.  The Fifth Circuit Court of Appeals has held that Federal Rule of Civil Procedure 26(b)(4)(C) provides for an independent basis for seeking recovery of discovery expenses.  See La. Power & Light Co. v. Kellstrom, 50 F.3d 319, 333 (5th Cir. 1995).  No pleading has been received in response to the defendant's motion; therefore, the defendant's motion will be granted as unopposed.  Accordingly,

IT IS HEREBY ORDERED that the defendant's Motion for Costs

[**docket entry no. 91**] is **GRANTED**;

　　IT IS FURTHER ORDERED that the defendant is awarded $1,122.78 with regard to its granted Motion for Costs;

　　IT IS FURTHER ORDERED that the defendant's Motion for Relief Pursuant to Rule 26 [**docket entry no. 101**] is GRANTED;

　　IT IS FURTHER ORDERED that the defendant is awarded $2,500.00 with regard to its granted Motion for Relief Pursuant to Rule 26.

　　SO ORDERED, this the 9th day of March, 2006.

<u>S/DAVID BRAMLETTE</u>
UNITED STATES DISTRICT JUDGE